UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE, :
    Plaintiff : CIVIL ACTION NO. 3:13-CV-1273
:
v. :
: (JUDGE NEALON)
HAZLETON POLICE : (MAGISTRATE JUDGE BLEWITT)
DEPARTMENT, ET AL., :
    Defendants :

FILED
SCRANTON
JUL 30 2013
PER /s/
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the Hazleton Police Department and Corporeal Wetzel of the Hazleton Police Department as Defendants. (Id.). Plaintiff alleges that in 2011, Defendant Wetzel denied him access to all Pennsylvania unemployment offices, advising him that he would be arrested if he attempted to contact the Hazleton Career Link. (Id.). He states that he is an unemployed veteran. (Id.). For relief, Plaintiff seeks, inter alia, the arrest of Defendant Wetzel, an order that he be hired by the FBI, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 28, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 10) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 6, 2013, Magistrate Judge Blewitt

---

[1] Plaintiff has since been released on bail. See (Docs. 7-8).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 12). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, the day after the R&R was mailed. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Discussion

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 10, pp. 3-4). Magistrate Judge Blewitt explains that section 1983 does not create any substantive rights. (Id. at p. 7) (citing Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001)). "Rather, a plaintiff must prove an underlying statutory or constitutional violation in order to prevail under 42 U.S.C. § 1983." (Id.), quoting Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *35-40 (E.D. Pa. 2005) (concluding that because the plaintiff could not prove an underlying constitutional violation of his Veteran Benefits Employment Rights, he was precluded from asserting a claim under 42 U.S.C. § 1983). The Magistrate Judge determines that the complaint does not allege that Plaintiff's constitutional rights have been violated by any actions

3

of Defendant Wetzel in denying him access to state unemployment offices or by threatening his arrest if Plaintiff attempted to contact Hazleton Career Link. (Doc. 10, p. 8).[4] The R&R states that the complaint does not even mention Defendant Hazleton Police Department in the allegations. (Id. at p. 10). Moreover, Magistrate Judge Blewitt determines that the Hazleton City Police Department is not a proper defendant because it is not a "person" subject to suit under federal civil rights laws, and Plaintiff does not allege that either a policy or lack of policy of Hazleton City led to the violation of Plaintiff's constitutional rights. (Id. at pp. 11-12), quoting Kokinda v. Breiner, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008) (Caputo, J.). Accordingly, the Magistrate Judge concludes that the complaint fails to state a cognizable constitutional claim against any Defendant and that it would be futile to afford Plaintiff an opportunity to file an amended complaint. (Doc.10, p. 13), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Additionally, Magistrate Judge Blewitt determines that to the extent Plaintiff requests relief in the form of the arrest or criminal investigation of Defendant Wetzel, this Court cannot grant such relief. (Doc. 10, p. 13), citing Ross v. Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.). Similarly, the R&R explains that the Court does not have the authority to direct the FBI to recruit Plaintiff. (Id. at p. 14). As to Plaintiff's "blanket" request for a restraining order against both Defendants, the Magistrate Judge finds that he "fails to meet any of the necessary elements, or include any relevant facts as to justify such relief." (Id.) (citing Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). Magistrate

---

[4] The R&R also notes that the complaint does not specify the date of the challenged conduct and that if the alleged conduct occurred prior to April 20, 2011, the claim is time-barred. (Doc. 10, pp. 8-10) (citing Bond v. VisionQuest, 410 Fed. Appx. 510 (3d Cir. 2011)).

4

Judge Blewitt then explains why Plaintiff's request that this Court intervene in his pending criminal case by removing that case from the Luzerne County Court of Common Pleas should be dismissed with prejudice. (Doc. 10, pp. 14-17), citing 28 U.S.C. §2283; Younger v. Harris, 401 U.S. 37, 41 (1971); Tinsley v. Adams, 248 Fed. Appx. 309 (3d Cir. 2007).

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend. Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

United States District Judge